UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| RANDALL HARROLD<br><br>v.<br><br>LIBERTY INSURANCE UNDERWRITERS, INC., SOUTHERN CRANE & HYDRAULICS, L.L.C., ABC INSURANCE COMPANY, AEROTEK, INC., XYZ INSURANCE COMPANY AND WEEKS MARINE, INC. | CIVIL ACTION<br><br>NO. 3:13-cv-00762<br><br>JUDGE JAMES J. BRADY<br><br>MAG. STEPHEN C. RIEDLINGER |

## ANSWER PETITION FOR DAMAGES AND REQUEST FOR JURY TRIAL

NOW INTO COURT, through undersigned counsel, comes Defendant, AEROTEK, INC., and for Answer to Plaintiff's Petition for Damages, avers as follows:

### FIRST DEFENSE

Plaintiff's Petition for Damages fails to state a claim or cause of action against AEROTEK, INC. upon which relief may be granted.

### SECOND DEFENSE

The accident sued upon was not caused due to the negligence of AEROTEK, INC. but rather was caused due to the negligence and/or fault of Plaintiff, Randall Harrold, for which Plaintiff can have no recovery herein.

### THIRD DEFENSE

In the alternative, AEROTEK, INC. pleads that, if this Court should find that Plaintiff sustained injuries as alleged, which is not admitted but is specifically denied, said injures were contributed to by Plaintiff's own negligence and misconduct. AEROTEK, INC. herein specifically pleads Plaintiff's comparative negligence and the related concept of the mitigation of

damages, and AEROTEK, INC. is entitled to have any award made to Plaintiff mitigated and reduced accordingly.

## FOURTH DEFENSE

Without waiving the foregoing, AEROTEK, INC. denies any ownership or operational status relative to the crane barge upon which Plaintiff was located at the time of the alleged incident. If a finding is made to the contrary, then AEROTEK, INC. pleads the defenses of Limitation of Liability and exoneration.

## FIFTH DEFENSE

The damages claimed by Plaintiff, if any, are the result of pre-existing or subsequently occurring bodily condition or conditions and/or causes unrelated to the accident made subject of this litigation. AEROTEK, INC. further asserts that the injuries and damages alleged by Plaintiff are the result of natural bodily processes, disease and/or conditions, which are unrelated to the alleged acts, omissions and/or practices of AEROTEK, INC. that Plaintiff claims proximately caused his alleged damages. In the alternative, should the Court find AEROTEK, INC. liable, AEROTEK, INC. is entitled to a credit or offset for all damages attributable to such pre-existing injuries.

## SIXTH DEFENSE

Subject to, and without waiving any other defenses, for further Answer and as a separate defense, AEROTEK, INC. asserts that if Plaintiff did sustain any injuries as alleged in the Complaint, which are specifically denied, said injuries arose out of certain risks, dangers and hazards, all of which were plainly observable, open, obvious and/or well known to the Plaintiff, Randall Harrold, on or before the time of his alleged injuries and all of said risks, dangers and hazards were assumed by Plaintiff, and AREOTEK, INC. is not liable.

## SEVENTH DEFENSE

Subject to, and without waiving any other defenses, for further Answer and as a separate defense, AEROTEK, INC. asserts that if Plaintiff was damaged as alleged, such damages, if any, were proximately caused or occasioned by the acts or omissions or contributory negligence, products liability, breach of contract, breach of warranty or other legal liability of third parties, their agents or representative, or by the instrumentalities of third parties for whom AEROTEK, INC. is not liable. Defendant alleges that if Plaintiff was injured in the manner asserted, in whole or in part, the same was brought about as a result of the negligent acts of omissions, or breaches of duty of third parties not under the control of AEROETK, INC.

## EIGHTH DEFENSE

Subject to, and without waiving any other defenses, for further Answer and as a separate defense, AEROTEK, INC. alleges that, if Plaintiff was injured in the manner asserted, in whole or in part, the same was brought about as a result of an unavoidable accident.

## NINETH DEFENSE

Plaintiff has failed to mitigate his damages.

## TENTH DEFENSE

The accident and injuries sustained by Plaintiff, if any be proved, were caused by the willful misconduct of the Plaintiff, Randall Harrold.

## ELEVENTH DEFENSE

Without waiving the foregoing, to the extent that the Plaintiff, Randall Harrold, is found to be an employee, statutory employee or borrowed employee of AEROTEK, INC., Defendant asserts that Plaintiff's claims are completely barred by the exclusive remedy provisions of the

Louisiana Workers' Compensation Act and/or the United States Longshore and Harbor Workers' Compensation Act.

### TWELFTH TH DEFENSE

Without waiving the foregoing, for further Answer and as a separate defense, AEROTEK, INC. alleges that Plaintiff was the employee and/or borrowed employee of Weeks Marine, Inc. at the time the incident made the basis of this lawsuit occurred and not an employee of Defendant, who was not under the control of Defendant at the time the incident made the basis of this suit occurred.

**AND NOW,** for further answer to the numbered paragraphs of Plaintiff's Petition for Damages, AEROTEK, INC. aver as follows:

1.

The allegations contained in Paragraph 1 of Plaintiff's Petition for Damages, including all sub-paragraphs, are admitted only to the extent that AEROTEK, INC. is a foreign corporation authorized to do and doing business in the State of Louisiana. All other allegations are denied for lack of sufficient information to justify a belief therein.

2.

The allegations contained in Paragraph 2 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

3.

The allegations contained in Paragraph 3 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in Paragraph 4 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

5.

The allegations contained in Paragraph 5 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in Paragraph 6 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in Paragraph 7 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

8.

The allegations contained in Paragraph 8 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in Paragraph 9 of Plaintiff's Petition for Damages are denied.

10.

The allegations contained in Paragraph 10 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

11.

The allegations contained in Paragraph 11 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

12.

The allegations contained in Paragraph 12 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

13.

The allegations contained in Paragraph 13 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

14.

The allegations contained in Paragraph 14 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

15.

The allegations contained in Paragraph 15 of Plaintiff's Petition for Damages are denied.

16.

The allegations contained in Paragraph 16 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

17.

The allegations contained in Paragraph 17 of Plaintiff's Petition for Damages are denied.

18.

The allegations contained in Paragraph 18 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

19.

The allegations contained in Paragraph 19 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

20.

The allegations contained in Paragraph 20 of Plaintiff's Petition for Damages, including all sub-paragraphs are denied.

21.

The allegations contained in Paragraph 21 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

22.

The allegations contained in Paragraph 22 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

23.

The allegations contained in Paragraph 23 of Plaintiff's Petition for Damages are denied.

24.

The allegations contained in Paragraph 24 of Plaintiff's Petition for Damages are denied.

25.

The allegations contained in Paragraph 25 of Plaintiff's Petition for Damages are denied.

26.

The allegations contained in Paragraph 26 of Plaintiff's Petition for Damages are denied.

27.

The allegations contained in Paragraph 27 of Plaintiff's Petition for Damages, including all sub-paragraphs are denied.

28.

The allegations contained in Paragraph 28 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

29.

**Jury Trial Demand:** Without waiving the foregoing defenses and denials, Defendant, AEROTEK, INC., hereby requests a jury trial on all issues herein.

**WHEREFORE**, Defendant AEROTEK, INC., prays that this Answer be deemed good and sufficient, that this matter be tried by a jury trial and that after due proceedings are had, that there be judgment in AEROTEK, INC.'s favor and against Plaintiff, dismissing Plaintiff's Petition for Damages with prejudice and at Plaintiff's costs. Defendant further prays for all further general and equitable relief provided by law.

Respectfully submitted,

**BROWN SIMS**

/s/ Kimberly E. Tracey
Mark L. Clark, I.D. No. 30875 (T.A.)
Kimberly E. Tracey, I.D. No. 27911
Poydras Center, Suite 2200
650 Poydras Street
New Orleans, Louisiana 70130-6111
Telephone: (504) 569-1007
Facsimile: (504) 569-9255
**ATTORNEYS FOR DEFENDANT AEROTEK, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was forwarded to the following counsel of record on the 7 day of Jan. 2014, via e-filing, certified mail, return receipt requested, first class regular mail, facsimile transmission, and/or hand delivery.

/s/ Kimberly E. Tracey
KIMBERLY E. TRACEY