UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


RANDALL HARROLD                          CIVIL ACTION

VERSUS                                   NUMBER 13-762-JJB-SCR

LIBERTY INSURANCE
UNDERWRITERS, INC., ET AL

<u>**NOTICE**</u>

    Please take notice that the attached Magistrate Judge's
Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days
after being served with the attached report to file written
objections to the proposed findings of fact, conclusions of law,
and recommendations set forth therein.  Failure to file written
objections to the proposed findings, conclusions and
recommendations within 14 days after being served will bar you,
except upon grounds of plain error, from attacking on appeal the
unobjected-to proposed factual findings and legal conclusions
accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE
WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, January 21, 2014.


                        STEPHEN C. RIEDLINGER
                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RANDALL HARROLD                              CIVIL ACTION

VERSUS                                       NUMBER 13-762-JJB-SCR

LIBERTY INSURANCE
UNDERWRITERS, INC., ET AL

## MAGISTRATE JUDGE'S REPORT

Before the court is the Plaintiff's Motion to Remand.  Record document number 5.  No opposition has been filed.

Plaintiff Randall Harrold filed a Petition for Damages in state court against multiple defendants and their insurers alleging a claim under the Jones Act.  Plaintiff alleged that he was hired by defendant Aerotek, Inc., to work on a barge owned/operated by defendant Weeks Marine, Inc. Plaintiff alleged that he was injured while performing duties on crane barge BT229, then owned/operated by defendant Weeks Marine, Inc.  Plaintiff alleged that his injuries were caused when an assistant welder working for defendant Southern Crane & Hydraulics L.L.C. twisted the rail of a boom stop, causing the rail to fall off the boom and strike the plaintiff, who then fell to the deck below.

Defendant Southern Crane & Hydraulics L.L.C.  removed the case to this court.  Defendants Liberty Insurance Underwriters, Inc., Aerotek, Inc., and Weeks Marine, Inc., joined in the removal. Defendant Southern Crane alleged that this court has original, exclusive subject matter jurisdiction under General Maritime Law

and that the case is not a non-removable actions under 28 U.S.C. § 1445.  Specifically, defendant asserted that the plaintiff did not allege that it was the plaintiff's employer, or that it owned the barge on which he was working.  Rather, defendant asserted, the plaintiff's Jones Act claim is alleged only against defendants Weeks Marine and Aerotek.

Plaintiff moved to remand.  Plaintiff acknowledged that his claim against Southern Crane is a general negligence claim arising from the acts of its welder.  Nonetheless, plaintiff argued, because he is Jones Act seaman the entire case is non-removable since there is no separate and independent claim against Southern Crane over which the court can exercise subject matter jurisdiction.

## Applicable Law

It is well settled that when faced with a motion to remand the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists.  *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *rehg. denied*, 70 F.3d 26 (5th Cir. 1995).  The federal removal statute is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns.  *Frank v. Bear Stearns & Co.,* 128 F.3d 919, 922 (5th Cir. 1997).  Any doubts regarding whether removal jurisdiction is proper should be resolved against federal

jurisdiction.  *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000).

**Removal of General Maritime Claims**

Under 28 U.S.C. § 1333 federal district courts have original jurisdiction over admiralty and maritime cases, saving to suitors in all cases all other remedies to which they are otherwise entitled.  Jones Act claims are nonremovable by statute.  46 U.S.C. § 30104 and 28 U.S.C. § 1445(a).  The Fifth Circuit has historically held that general maritime claims saved to suitors were not of themselves removable pursuant to § 1441(b), which prior to 2012 stated:

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to citizenship or residence of parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

*Morris v. T E Marine Corp.,* 344 F.3d 439, 444 (5th Cir. 2003), citing, *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 377–79, 79 S.Ct. 468,(1959).

Prior to the 2011 amendment, § 1441(a) provided, in relevant part, as follows:

> a) Generally.—Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the

United States for the district and division embracing the place where such action is pending.   For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

The Fifth Circuit court reasoned that because general maritime claims did not arise under the Constitution, treaties or laws of the United States, § 1441(b) was an Act of Congress which prevented removal of such claims alone.   Maritime claims were considered "other such action[s]" which required a separate basis for federal question jurisdiction or diversity jurisdiction to be removed. *Id*.

Section 1441 was amended in December 2011 and now reads, in relevant part, as follows:

(a) Generally.—Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
(b) Removal based on diversity of citizenship.—(1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
(2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

The Court must determine whether current version of § 1441 affects the removability of general maritime claims under § 1333.

The "savings to suitors" clause under § 1333 does not limit the right of a defendant to remove actions where there exists some other basis for jurisdiction. *Morris,* 344 F.3d at 444; *Tennessee*

4

*Gas Pipeline v. Houston Cas. Ins.*, 87 F.3d 150, 153 (5th Cir. 1996).   In other words, removal of general maritime claims is appropriate if federal jurisdiction exists under a separate statute.

### Analysis

#### Removal of General Maritime Claims Is Proper Under the Current Version of § 1441.

The Court must determine whether the current version of § 1441 permits removal of general maritime claims, such as the plaintiff's claim against defendant Southern Crane

A review of the applicable statutes and cases supports finding that the current version § 1441 permits the removal of general maritime claims without requiring an additional source of federal jurisdiction.   In *Wells v. Abe's Boat Rental, Inc.*[1] the district court determined that general maritime claims are removable under the current version of § 1441 despite the joinder of a non-removable Jones Act claim.   In doing so, the district court relied on the analysis presented in *Ryan v. Hercules Offshore, Inc.*[2] to support its conclusion.   Although neither case is controlling, the reasoning in both *Wells* and *Ryan* is persuasive and is applicable to the facts in this case.

After surveying Fifth Circuit and Supreme Court case law, the

---

[1] 2013 WL 3110322 (S.D. Tex. June 18, 2013).

[2] 2013 WL 1967315 (S.D. Tex. May 13, 2013).

5

*Ryan* court summarized the principles which made general maritime claims non-removable under the prior version § 1441, as follows:

> (1) [F]ederal courts have original jurisdiction over admiralty claims; (2) the saving to suitors clause does not preclude federal courts from exercising jurisdiction over admiralty claims originally brought in state court; (3) the old version of section 1441(b) was relied upon as the "Act of Congress" that precluded federal courts from exercising removal jurisdiction unless the requirements of section 1441(b) were met; and (4) admiralty cases do not arise under the Constitution, treaties or laws of the United States, so admiralty cases were considered "any other such actions" under the prior version of section 1441(b) and were thus removable only if none of the parties in interest properly joined and served as defendants was a citizen of the State in which the action was brought.[3]

Under both the prior and current version of § 1441(a) removal of civil actions over which the district courts have original jurisdiction is permitted unless expressly prohibited by an Act of Congress.  In the current version of § 1441(b) Congress omitted the language which required a removable claim that was not subject to diversity jurisdiction to arise "under the Constitution, treaties or laws of the United States."  As discussed in *Ryan*, the courts in the Fifth Circuit relied on this specific language of § 1441(b) to be the "Act of Congress" which precluded the removal of original jurisdiction maritime cases pursuant to § 1441(a).  Now that this language has been removed, nothing in § 1441 or another Act of

---

[3] *Ryan*, 2013 WL 1967315 at 4, relying on: *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 79 S.Ct. 468 (1959);  *In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991); *Tenn. Gas Pipeline v. Hous. Cas. Ins.*, 87 F.3d 150 (5th Cir. 1996), and *Barker v. Hercules Offshore*, Inc., 713 F.3d 208 (5th Cir. 2013).

Congress prevents removal of general maritime claims.  Thus, both *Wells* and *Ryan* demonstrate that the amendment to § 1441 allows removal of general maritime claims.  Although the Fifth Circuit has not addressed how the new language of § 1441 affects removal, the statutory basis for the Fifth Circuit's prior holding has clearly been changed.  Because the plaintiffs' state court petition was filed after the amendment to § 1441, this new interpretation of the law is applicable.[4]

Citing *Addison v. Gulf Coast Contracting Services, Inc.*, 744 F.2d 494 (5th Cir. 1984), and *Scott v. Southern Towing Co.*, 2011 WL 6294254 (M.D.La. 2011), the plaintiff argued that removal of a case containing a Jones Act claim could only be proper under § 1441(c) if a separate and independent claim invoking federal jurisdiction existed.[5]  Plaintiffs' reliance on these case is unavailing because the decisions were based on the pre-amendment version of § 1441(c). The current version of § 1441(c) no longer requires the "separate and independent" claim analysis.[6]

---

[4] This same issue of the amendment to § 1441 and its effect on the removal of general maritime claims was addressed by this court in Civil Action No. 13-477-JJB-SCR.  Using the same analysis and relying on *Wells* and *Ryan,* the undersigned recommended that the Motion to Remand be denied.  The district judge adopted the report and recommendation, specifically noting that the denial was based primarily on the 2011 revisions to § 1441.  See, *Bridges v. Phillips 66 Co.*, 2013 WL 6092803 (M.D.La. November 19, 2013).

[5] Record document number 5-1, supporting memorandum, p. 4.

[6] Prior to the 2011 amendment, § 1441(c) stated:
Whenever a separate and independent claim or cause of action with the jurisdiction conferred by section 1331 of
(continued...)

7

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Plaintiff's Motion to Remand be denied.

Baton Rouge, Louisiana, January 21, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[6](...continued)
this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Section 1441(c) now reads:
 (1)If a civil action includes—
 (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
 (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
 (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).