UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RANDALL HARROLD

VERSUS

LIBERTY INSURANCE
UNDERWRITERS, INC., ET AL.

CIVIL ACTION

NO. 13-762-JJB-SCR

*consolidated with*

IN THE MATTER OF THE COMPLAINT
OF WEEKS MARINE, INC., as owner and
operator of the BT 229, for Exoneration From
or Limitation of Liability

CIVIL ACTION

NO. 13-831-JJB-SCR

## RULING

This matter is before the Court on the Claimant Randall Harrold's Motion (rec. doc. 21) to Lift Restraining Order In, and to Administratively Stay, the Limitation Proceeding. Claimant Randall Harrold asks this Court to lift the restraining order issued in the exoneration/limitation action filed by vessel-owner Weeks Marine, Inc. The motion is opposed. (Rec. docs. 26 & 29).

**Background**

Initially, Randall Harrold filed suit in a Louisiana state court for damages he allegedly suffered while working on the BT 229 crane barge. The defendants subsequently removed the case to this Court. For purposes of this ruling, the underlying facts of the case are of no consequence.

After removal, vessel-owner Weeks Marine, Inc. filed a Verified Complaint for Exoneration From or Limitation of Liability pursuant to the Limitation of Liability Act, 46 U.S.C. § 181 *et seq.* (Case no. 13-cv-831, rec. doc. 1). In those proceedings, Aerotek, Inc., Southern Crane & Hydraulics, L.L.C., and Liberty Insurance Underwriters, Inc. asserted claims for contribution, and/or alternatively, indemnity against Weeks Marine, Inc., in the event any of

1

them are liable for the damages suffered by Randall Harrold. (Case no. 13-cv-831, rec. docs. 3 & 5). The Court consolidated the exoneration/limitation action with the action filed by Randall Harrold. (Rec. doc. 7). Subsequent thereto, Randall Harrold filed his claim for damages and answer to Weeks Marine, Inc.'s Complaint for Exoneration From or Limitation of Liability. (Rec. doc. 14).

After the Magistrate Judge issued his Report and Recommendations, this Court severed and remanded Randall Harrold's Jones Acts claims against Weeks Marine, Inc. and Aerotek, Inc., while refusing to remand the remaining claims. Claimant Randall Harrold then filed the pending motion and "Stipulation of Claimant," seeking to lift the restraining order implemented in the exoneration/limitation action and to administratively stay those proceedings. (Rec. doc. 21). Both Weeks Marine, Inc. and Aerotek, Inc. opposed the motion, which prompted Randall Harrold to file an amended "Stipulation of Claimants." Nevertheless, Aerotek, Inc. filed a sur-reply, raising issue with and refusing to consent to the amended "Stipulation of Claimants."

**Analysis**

The Fifth Circuit in *Odeco Oil and Gas Co., Drilling Div. v. Bonnette* acknowledged that "parties seeking indemnification and contribution from a shipowner must be considered claimants within the meaning of the Limitation Act." 74 F.3d 671, 675 (5th Cir. 1996). As aforementioned, Aerotek, Inc., Southern Crane & Hydraulics, L.L.C., and Liberty Insurance Underwriters, Inc. asserted claims for contribution and/or indemnity against shipowner Weeks Marine, Inc., in the event that any of them are found liable for the damages allegedly suffered by Randall Harrold. Accordingly, these three entities are considered "claimants" based on clear Fifth Circuit precedent.

It is clear in the Fifth Circuit that in order for claims to proceed after an exoneration or limitation action has been filed, "all claimants must sign a stipulation protecting the vessel owner's rights under the Limitation Act." *In re ADM/Growmark River System, Inc.*, 234 F.3d 881, 885–86 (5th Cir. 2000) (citing *In re Complaint of Port Arthur Towing, Co.*, 42 F.3d 312, 316 (5th Cir. 1995); *Odeco Oil & Gas Co.*, 74 F.3d at 405). "The Fifth Circuit has adamantly held that all claimants must sign the stipulation in order for the state court action to proceed." *In re Complaint of American Commercial Lines, LLC*, 2013 WL 4585229, at *2 (M.D. La. Aug. 28, 2013). "The case law is clear that if all claimants stipulate that the federal court has exclusive jurisdiction over limitation issues and the claimants will not seek to enforce a greater damage award than the limitation fund, the claimants may proceed outside of the limitation action." *Texaco Inc. v. Williams*, 47 F.3d 765, 768 (5th Cir. 1995).

While Randall Harrold's amended "Stipulation of Claimants" attests to be made on behalf of Aerotek, Inc., Southern Crane & Hydraulics, L.L.C., and Liberty Insurance Underwriters, Inc., these parties have neither signed the document nor provided any other indication of their assent. In reality, only Randall Harrold has adopted/signed the relevant "Stipulation of Claimants." (Rec. doc. 31-1, p. 5). There is no evidence in the record that any of these other three claimants intends to either submit a stipulation or accede to the submitted stipulations. Moreover, Aerotek, Inc. has actually taken the affirmative step of filing a sur-reply in which it expressly provides that it is withholding its consent to the stipulations. Accordingly, in line with Fifth Circuit precedent, this Court finds that the stipulations filed by Claimant Randall Harrold are insufficient, and thus, this Court cannot lift the stay at the present time.

**Conclusion**

Therefore, the Court **DENIES** the Motion (rec. doc. 21) to Lift Restraining Order In, and to Administratively Stay, the Limitation Proceeding.

Signed in Baton Rouge, Louisiana, on May 27, 2014.

**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**