UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **RANDALL HARROLD** | **CIV. ACTION NO. 13-762** |
| **VERSUS** | **JUDGE JOHN W. deGRAVELLES** |
| **LIBERTY INSURANCE UNDERWRITERS, ET AL.** | **MAG. JUDGE STEPHEN C. RIEDLINGER** |

*CONSOLIDATED WITH*

| | |
|---|---|
| **IN THE MATTER OF COMPLAINT OF WEEKS MARINE INC., as owner and operator of the BT 229, for Exoneration from or Limitation of Liability** | **CIV. ACTION NO. 13-831** |
| | **JUDGE JOHN W. deGRAVELLES** |
| | **MAG. JUDGE RICHARD L. BOURGEOIS, JR.** |

**ORDER**

This matter is before the Court on Plaintiff's First Amended Motion for Reconsideration of Order Remanding Claims to State Court (R.Doc. 50) ("Amended Motion to Remand"). The Court previously denied this motion. (R.Doc. 57). However, the Court has the authority to reopen *sua sponte* motions for remand.. *See Perritt v. Westlake Vinyls Co., LP*, 986 F.Supp.2d 726, 728 n. 3 (M.D.La. 2013); *see also Simon v. Wal–Mart Stores, Inc*., 193 F.3d 848, 850 (5th Cir.1999) ( "Federal courts may examine the basis of jurisdiction sua sponte...."); *Free v. Abbott Labs., Inc.*, 164 F.3d 270, 272 (5th Cir.1999) ("[A] federal court must always be satisfied that subject matter jurisdiction exists and must even raise the issue sua sponte...."). The Court informed the parties at the October 20, 2014, status conference that it wished to reexamine jurisdiction and remand here. Subsequently, Plaintiff Randall Harrold filed his Second Amended Motion for Reconsideration of Order Partially Remanding Claims to State Court

1

19th JDC - certified

("Second Amended Motion to Remand"). Petitioner-in-Limitation Weeks Marine, Inc. filed a Brief Regarding Issues Raised in Minute Entry of October 20, 2014, urging that the case should not be remanded.

For the reasons set forth below, the Court hereby grants Plaintiff's Amended and Second Amended Motion to Remand.

**A. Factual Background**

Plaintiff alleges that Weeks Marine, Inc. ("Weeks") owned and/or operated the BT229 crane barge. (Petition for Damages, R.Doc. 1-2, p. 3). Plaintiff claims he was hired by Aerotek, Inc. ("Aerotek"), who is Plaintiff's employer, along with Weeks. Plaintiff claims that Weeks and Aerotek employed him as a member of the crew of the vessel.

Plaintiff was a crane operator employed by Aerotek and/or Weeks on board the vessel. (Id., p. 3-4). Plaintiff claims, on or about October 26, 2012, he was severely injured while performing his duties as the vessel was operating at or near the west bank of the Mississippi River at Mile 331. (Id., p. 4). Plaintiff claims that an assistant welder with Southern Crane & Hydraulics, L.L.C. ("Southern Crane"), installed a boom on the right side of the crane. Thereafter, the welder was trying to fit the boom stop in place when he, it is alleged, negligently and unexpectedly twisted the rail, causing it to fall off the boom and onto Plaintiff. Plaintiff alleges this caused him to fall about 5 feet to the deck below. (Id.). Plaintiff claims he struck his head, shoulder, and body generally, thereby sustaining injuries. Plaintiff also claims the vessel was operated negligently and was unseaworthy.

Plaintiff filed suit in state court against Aerotek and Weeks under the Jones Act and general maritime law. Plaintiff also asserted a general maritime law claim against Southern Crane for negligence. Plaintiff requested a trial by jury on all issues so triable. (Id., p. 3).

Defendants removed this case to this Court based on their contention that recent changes to the language of 28 U.S.C. § 1441 rendered general maritime law claims removable. (R.Doc. 1, Notice of Removal, p. 1-2, and Memorandum in Opposition to Plaintiff's Motion to Remand and In Support of the Magistrate's Report and Recommendations, R.Doc. 13, p. 2-6). This Court initially agreed that the general maritime law claim was properly removed but severed the Jones Act claim and remanded it to state court. (R.Doc. 16, Ruling Affirming and Adopting Magistrate Judge's Report and Recommendations).

**B. Analysis**

"The federal removal statute … is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997). "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root,* 200 F.3d 335, 339 (5th Cir. 2000).

On further consideration, the Court now remands this case for three reasons. First, the Court must remand to preserve the plaintiff's right to trial by jury. In *Milstead v. Total Petrochemicals & Refining USA, Inc.*, No. 14-148, 2014 WL 4820610 (M.D. Sept. 29, 2014), "the issue before the Court [was] whether a general maritime claim which falls under § 1333 is removable under the current version of § 1441 when a jury trial is requested by the plaintiff in his state court petition." The Court found that such a claim was not removable because it would deprive the plaintiff of the right to a trial by jury, which was prohibited by the savings to suitors clause.

The same reasoning applies here. Plaintiff has requested a trial by jury. As in *Milstead*, keeping the case in federal court would deprive Plaintiff of his right to a jury trial, which is prohibited by the savings to suitors clause. Accordingly, the suit must be remanded.

The second reason for remanding the case is that the Jones Act claim is not removable, so the entire case should be remanded. The Jones Act incorporates the Federal Employees Liability Act ("FELA"), 45 U.S.C. § 51, *et seq.* 46 U.S.C. § 3104. FELA actions cannot be removed. 28 U.S.C. § 1445(a). Further, Courts have consistently found that, if a Jones Act claim is joined with another general maritime law claim, the Court should remand the entire suit to state court. *Marvin v. American Export Lines Inc.*, No. 14-316, 2014 WL 4924341, at *3-4 (M.D.La. Sept. 30, 2014) (answering "whether a general maritime claim under § 1333 is removable under current version of § 1441 when joined with properly pled Jones Act claim" and finding that it was not); *Day v. Alcoa S.S. Co., Inc.*, No. 14-317, 2014 WL 4924363, *3-*4 (M.D.La. Sept. 30, 2014) (same).

Finally, even if this case had been brought solely as a general maritime law claim, it was not properly removed. The Fifth Circuit has recognized that:

> even though federal courts have original jurisdiction over maritime claims under 28 U.S.C. § 1333, they do not have removal jurisdiction over maritime cases which are brought in state court. *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 377–79, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959). Instead, such lawsuits are exempt from removal by the "saving-to-suitors" clause of the jurisdictional statute governing admiralty claims, *see id.*, and therefore may only be removed when original jurisdiction is based on another jurisdictional grant, such as diversity of citizenship. *In re Dutile*, 935 F.2d 61, 63 (5th Cir.1991).

*Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 219 (5th Cir. 2013). Defendants argue that the 2011 amendments to 28 U.S.C. § 1441 set forth in the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 1441, 125 Stat. 758, 759 (2011) changed the law with respect to removal of general maritime law claims.

There is disagreement among District Courts on this issue, and the Fifth Circuit has not resolved this difference. As this Court discussed in *Perise v. Eni Petroleum, U.S., L.L.C.*, No. 14-99, 2014 WL 4929239, at *5, (M.D.La. Oct. 1, 2014), some cases, such as *Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772, 775-77 (S.D. Tex. 2013), have held that "changes to the second sentence of 28 U.S.C. § 1441(b) … removed the statutory basis for the non-removability of admiralty claims in the absence of another basis for jurisdiction as stated by the Fifth Circuit." *Perise*, 2014 WL 4929239, at *5. A number of other courts have disagreed with *Ryan* and have held that the "'savings to suitors' clause in the admiralty jurisdiction statute is the historical basis for non-removability of general maritime claims[,] [so] … the changes to 28 U.S.C. § 1441 [in 2011] … did not legislatively abolish the basis for non-removal of general maritime claims." *Id.* (citing *Bartman v. Burrece*, No. 14–80, 2014 WL 4096226 (D.Alaska Aug.18, 2014); *Gregoire v. Enter. Marine Servs., LLC*, No. 14–840, —— F.Supp.2d ——, 2014 WL 3866589, (E.D.La. Aug.6, 2014); *Grasshopper Oysters, Inc. v. Great Lakes Dredge & Dock, LLC*, No. 14–934, 2014 WL 3796150 (E.D.La. July 29, 2014); *Cassidy v. Murray*, No. 14–1204, —— F.Supp.2d ——, 2014 WL 3723877 (D.Md. July 24, 2014); *Porter v. Great Am. Ins. Co.*, No. 13–3069, 2014 WL 3385148 (W.D.La. July 9, 2014); *Figueroa v. Marine Inspection Servs.*, —— F.Supp.2d. ——, No. 14–140, 2014 WL 2958597 (S.D.Tex. July 1, 2014); *In re Foss Mar. Co.*, No. 12–00021, —— F.Supp.2d ——, 2014 WL 2930860, (W.D. Ky. June 27, 2014); *Alexander v. Seago Consulting, LLC*, No. 14–1292, 2014 WL 2960419 (S.D.Tex. June 23, 2014); *Pierce v. Parker Towing Co., Inc.*, No. 14–73, 2014 WL 2569132 (S.D.Ala. June 9, 2014); *Gabriles v. Chevron USA, Inc.*, No. 14–669, 2014 WL 2567101 (W.D.La. June 6, 2014); *Perrier v. Shell Oil Co.*, No. 14–490, 2014 WL 2155258 (E.D.La. May 22, 2014); *Rogers v. BBC Charting America, LLC*, No. 13–3741, 2014 WL 819400 (S.D.Tex. Mar.3, 2014); *Coronel v. AK Victory, No*. C13–cv–2304, 2014 WL 820270 (W.D.Wash. Feb.28, 2014)); *see also* David W. Robertson & Michael F. Sturley, Recent Developments in Admiralty and Maritime Law at the National Level and in the Fifth and Eleventh Circuits, 38 Tul. Mar. L.J. 419, 477–78 (2014) ("The statutory-language exegesis in Ryan is thorough and careful, but we think the judge's conclusion that Romero (probably through congressional inadvertence) has become a dead letter seems too radical to be

acceptable. We do not believe the Fifth Circuit will agree with the Ryan court."). The Court believes that the correct view is also the majority view and that general maritime claims are not removable, despite the changes to 28 U.S.C. § 1441. The suit must therefore be remanded.

**C. Conclusion**

Accordingly,

**IT IS ORDERED** that Plaintiff's First Amended Motion for Reconsideration of Order Remanding Claims to State Court (R.Doc. 50) is **GRANTED**;

**IT IS FURTHER ORDERED** that this action, *Harrold v. Liberty Insurance Underwriters,* No. 3:13-cv-00762-JWD-SCR, is **DECONSOLIDATED** from the action *In the Matter of Complaint of Weeks Marine, Inc., as owner and operator of the BT 229, for Exoneration from or Limitation of Liability*, No. 3:13-cv-00831-JWD-RLB;

**IT IS FURTHER ORDERED** that the action *Harrold v. Liberty Insurance Underwriters,* No. 3:13-cv-00762-JWD-SCR, is hereby **REMANDED** to the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana; and

**IT IS FURTHER ORDERED** that the action *In the Matter of Complaint of Weeks Marine, Inc., as owner and operator of the BT 229, for Exoneration from or Limitation of Liability*, No. 3:13-cv-00831-JWD-RLB shall remain in this Court.

**Signed in Baton Rouge, Louisiana, on <u>November 6, 2014</u>.**

                                           **JUDGE JOHN W. deGRAVELLES**
                                           **UNITED STATES DISTRICT COURT**
                                           **MIDDLE DISTRICT OF LOUISIANA**